IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF DISCIPLINE OF DAVID LEE PHILLIPS, BAR NO. 538 | No. 79057 |
|---|---|
| IN THE MATTER OF DISCIPLINE OF DAVID LEE PHILLIPS, BAR NO. 538 | No. 79385 |

**FILED**

MAY 08 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

Docket No. 79057 is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that a previously stayed one-year suspension be imposed against attorney David Lee Phillips for his failure to comply with probation conditions. Docket No. 79385 is an automatic review of a separate hearing panel's recommendation that Phillips be suspended for three years based on violations of RPC 1.1 (competence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), and RPC 4.1 (truthfulness).[1]

*Docket No. 79057*

On February 23, 2018, this court suspended Phillips for one year, with the suspension stayed subject to certain probation conditions, including that "there be no grievances submitted by the State Bar challenging Phillips' compliance with the Rules of Professional Conduct

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in these matters.

 

20-17442

concerning events that occurred after May 17, 2017, in which a disciplinary screening panel recommends a formal hearing." *In re Discipline of Phillips*, Docket No. 73592 (Order Approving Conditional Guilty Plea Agreement and Suspending Attorney, Feb. 23, 2018). A screening panel convened on January 22, 2019, to consider four grievances filed against Phillips and recommended the grievances proceed to a formal hearing.[2] Thus, Phillips breached the conditions of his probation and we impose the one-year suspension, beginning from the date of this order. Additionally, Phillips shall pay the costs of the disciplinary proceedings within 30 days from the date of this order.

*Docket No. 79385*

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Phillips committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1996). We defer to the panel's findings of fact in Docket No. 79385 as they are supported by substantial evidence and are not clearly erroneous. The record

---

[2]While the screening panel did not enter an order directing the matters be considered at a formal hearing until April 4, 2019, nothing in the SCRs requires a screening panel to enter an order, and generally screening panels do not enter orders. Thus, we conclude the grievances were referred to a formal hearing panel during Phillips' probation period.

 

establishes that Phillips failed to pay a client's litigation lender, despite having acknowledged the litigation loan, and then informed the lender the matter was still pending, even though it had been settled. The record further demonstrates that in two separate actions, he failed to reasonably communicate with his clients, inappropriately terminated his representation without taking steps to protect his clients' interests, and failed to timely provide the clients with their files. In one of those instances, he terminated his representation shortly before a summary judgment hearing. Phillips also unreasonably charged a client $7,000 to assist the client in taking a loan out against her inheritance, he had the loan proceeds deposited directly into his account, and he then distributed some of the proceeds in contradiction to the client's directions. Thus, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Phillips violated the above-listed rules.

In determining the appropriate discipline, this court weighs four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Although this court determines the appropriate discipline de novo, SCR 105(3)(b), the hearing panel's recommendation is persuasive, *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2011).

Phillips violated duties owed to his clients (competence, communication, fees, and safekeeping property), the public (truthfulness), and the profession (termination of representation). Substantial evidence supports the panel's finding that Phillips' violations concerning the litigation loan were intentional, that the rest of Phillips' violations were

done knowingly, and that Phillips harmed or potentially harmed the lender and his clients. Specifically, the lender was not timely repaid, one client's funds were not properly distributed, and one of his client's cases was dismissed while she was attempting to find other counsel and she is now unable to pay her liens. The baseline sanction for Phillips' conduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 8.1 (Am. Bar Ass'n 2017) (explaining that disbarment is appropriate when a lawyer "has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession"). The record supports the panel's findings of seven aggravating circumstances (prior disciplinary offenses, selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of conduct, vulnerability of victim, and substantial experience in the practice of law) and no mitigating circumstances.

Considering all of the factors, we agree with the panel that a downward deviation from the baseline sanction of disbarment is appropriate as disbarment is irrevocable in Nevada and the misconduct does not appear to warrant permanent disbarment. Additionally, we conclude the recommended discipline serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession).

Accordingly, as to the misconduct outlined in Docket No. 79385, we hereby suspend attorney David Lee Phillips from the practice of law in

Nevada for three years. This suspension shall run consecutively to the one-year suspension we impose in Docket No. 79057 as a result of Phillips' failure to comply with the probation condition in Docket No. 73592. Additionally, Phillips shall pay the costs of both disciplinary proceedings, including $2,500 under SCR 120 as to Docket No. 79385, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.[3]

It is so ORDERED.[4]

_____, C.J.
Pickering

_____, J.      _____, J.
Gibbons                                          Hardesty

_____, J.      _____, J.
Parraguirre                                      Stiglich

CADISH, J., concurring in part and dissenting in part:

I concur with the imposition of the one-year suspension in Docket No. 79057. I write separately, however, because I would disbar Phillips for his misconduct addressed in Docket No. 79385. I agree with the majority that the baseline sanction for Phillips' misconduct is disbarment,

_____

[3]To the extent the parties' additional arguments are not addressed herein, we conclude they do not warrant a different result.

[4]The Honorable Abbi Silver voluntarily recused herself from participation in the decision of this matter.

*see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* Standard 8.1 (Am. Bar Ass'n 2017), because he has previously and repeatedly engaged in similar misconduct. In fact, despite receiving a stayed suspension in Docket No. 73592, Phillips, once again, engaged in similar misconduct and had multiple disciplinary grievances filed against him while he was on probation.

Because there are no mitigating circumstances present, a downward deviation from disbarment to a three-year suspension is unwarranted. Further, such downward deviation is unsupportable in light of the seven aggravating circumstances: (1) prior disciplinary offenses, (2) selfish motive, (3) pattern of misconduct, (4) multiple offenses, (5) refusal to acknowledge the wrongful nature of conduct, (6) vulnerability of victim, and (7) substantial experience in the practice of law. It is especially concerning that Phillips refuses to acknowledge that his conduct was wrongful and asserts that his clients were not harmed by his misconduct. Because Phillips has failed to learn from his previous disciplines and in light of all of the present aggravating circumstances, the only discipline that will protect the public, the courts, and the legal profession is the baseline sanction of disbarment. *See State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (describing the purpose of attorney discipline). Thus, I dissent because I would disbar Phillips in Docket No. 79385.

_____, J.
Cadish

cc: Chair, Southern Nevada Disciplinary Board
Scott B. Olifant
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A